IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:25MJ368 |
| Plaintiff, | |
| | BRIEF IN SUPPORT OF MOTION FOR |
| vs. | EMERGENCY STAY AND FOR |
| | REVIEW OF REVOCATION OF A |
| OSMAR LORENZO-GENCHI, | RELEASE ORDER |
| Defendant. | |

COMES NOW, the United States of America, by and through its Attorney, the United States Attorney for the District of Nebraska, respectfully moves this Court, first, to stay an order by the Magistrate Judge releasing defendant, Osmar Lorenzo-Genchi (hereinafter "Genchi") pending trial, and, second, to review and revoke the Magistrate Judge's order releasing defendant from custody.  In support whereof, the government states as follows:

I.      **FACTS AND PROCEDURAL HISTORY**

A.      **Procedural History**

On June 12, 2025, the government charged defendant via complaint with one count of assaulting, resisting, or impeding officer involving use of deadly or dangerous weapon in violation of 18 U.S.C. § 111(a)(1) and (b) and one count of willfully injuring or committing any depredation against any property of the United States in excess of $1,000.00, in violation of 18 U.S.C. § 1361.  The defendant was arrested the same day by special agents of Homeland Security Investigations.

On June 18, 2025, defendant made his initial appearance before the Honorable Judge Ryan C. Carson, United States Magistrate Judge. The government moved for detention pending trial under 18 U.S.C. § 3142 based on both flight and danger.  At the conclusion of the hearing the

Court entered an order denying the government's motion for detention and releasing Genchi on conditions of release (Filing No. 23).

The government appeals and asks this Court to review and revoke the order of release. The United States seeks an emergency stay of the Order so that the District Court may review the Release Order and either affirm or deny the Order.

**B.     The Evidence Presented at the Detention Hearing**

At Lorenzo-Genchi's detention hearing, Judge Carson took judicial notice of the criminal complaint and supporting affidavit (Filing No. 1), the criminal cover sheet (Filing No. 2), the Sealed Pretrial Services Report (Filing No. 7), and the Sealed Addendum to that report (Filing No. 15).

The Pretrial Services Report listed factors in consideration for assessment of nonappearance and assessment of danger. The report listed factors that indicate defendant's risk of nonappearance, specifically a) criminal history that includes a record of failure to appear and b) the criminal history generally, including drug possession. The factors that indicate a risk of danger are the instant offense (Filing No. 15). Acknowledging that the defendant did pose risks of nonappearance and a danger to the community, Pretrial Services still recommended release based on mitigating conditions. The government disagreed, recommending detention.

The evidence presented at the detention hearing, included the affidavit offered in support of the criminal complaint (Filing No. 1), videos (Exhibits 3 and 4), and the testimony of Special Agent Justin Temperly. While searching the facility, agents encountered the Defendant. He was agitated and obstinate, shouting profanities and making hand gestures directed at the agents. As a result, Defendant was restrained, escorted from the property and released. But he did not leave.

The facts show escalation.  In one video, Defendant approaching the rear windshield of a law enforcement vehicle and forcibly bent a windshield wiper, damaging it so that it no longer functions.  Law enforcement attempted to push Defendant away from the vehicle—instead to standing down, he escalated and spit at one of the agents, then proceeded to pick up rocks and other debris to throw at law enforcement vehicles.  Agents observed the defendant throw one of the objects at the rear passenger side window of an occupied law enforcement vehicle, which shattered the window. No one was physically injured, but damage is estimated in excess of $1,000.00.  Probable cause has been established that the defendant was engaged in crimes.  The evidence shows he presents a great risk of danger to the public. While defendant does not have a history of violence, he was prone to violence in the face of stress.  Now he has the added stress of losing his job and being barred from interacting with his significant other who was also arrested that day, the threat of danger and risk to the public as the defendant deals with his new circumstances.

## II.    ARGUMENT

On the government's motion to review a release order, this Court considers *de novo* the Magistrate Judge's denial of pre-trial detention. *United States v. Cook*, 87 F.4th 920, 921 (8th Cir. 2023); *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985) (en banc).  The District Court may proceed to rehear the evidence to support detention by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument.  It may take additional evidence from new witnesses or consider arguments not raised previously.  It may consider the same evidence and reach a different conclusion unfettered by the decision of the magistrate court.  In short, the Court may proceed as best enables it to resolve the question posed: Whether any condition or

combination of conditions reasonably assure the appearance of the person and the safety of any other person and the community, considering the rebuttable presumption of detention that applies to the defendant.

Four factors govern the analysis of whether release conditions will reasonably assure a defendant's appearance and the community's safety: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger that would be posed by the defendant's release. 18 U.S.C. § 3142(g).  It is the government's position that detention is warranted.

### A. Genchi Committed a Crime of Violence

The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(A) because this case involves the defendant committing a crime of violence, to wit: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury, in violation of 18 U.S.C. § 111(a) and (b).

A "Crime of violence" is defined in 18 U.S.C. § 3156(a)(4) in part as "(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another or (B) any other offense that is a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury, in violation of 18 U.S.C. § 111(a) and (b), is such an offense.  See also *United States v. Medearis*, 65 F.4th 981, 987 (8th Cir. 2023) (in the context of a sentencing enhancement, comparing the elements of a § 111(b) conviction to the Guidelines definition of crime of violence, the Court concluded that a § 111(b)

conviction constituted a categorical crime of violence).  Accordingly, the defendant should be detained pending such a detention hearing.

### B.  Count II has a Presumption of Detention

Count 2, as a felony offense has a presumption of detention. As the Court sets out in their Order, "In particular, the Bail Reform Act provides that presumption for 'an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.' 18 U.S.C. §3142(e)(3)(C). That section then provides a laundry list of offenses, including (buried deep within) a reference to '1361 (relating to government property and contracts)."

### C.  The Weight of the Evidence Against the Defendant

The weight of the evidence against the defendant is overwhelming. His conduct is recorded on video, his assault against law enforcement is clearly visible, and the video likewise shows that he was the initial aggressor.  It is clear from the totality of the government's evidence that the defendant when given the opportunity to "walk away," and he did not.  His actions escalated.  This factor strongly supports pretrial detention.

### D.  History and Characteristics of the Defendant

This factor slightly favors release as the defendant noted at the detention hearing, however his twice failure to appear (Filing No. 7, page 4) for other Court matters does show a disregard for the Court system in general.  Further, while defendant has ties to this District, he also has ties to a foreign country and his support system has been broken down with recent events (his parents are both unavailable due to incarceration and he can not have contact with his significant other).  Additionally, he is facing a serious charge and the evidence against him is

overwhelming. The statutory maximum for the charged offenses is 30 years. The possibility that he will receive a custodial sentence in this case provides an incentive to flee.

To detain the defendant, the Government must prove by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required" or show by clear and convincing evidence that no condition or combination of conditions will reasonably assure "the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(2); see *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (the preponderance of evidence standard applies).  He poses a risk of nonappearance and possible flight risk.

WHEREFORE, the United States respectfully prays this Honorable Court to stay the order releasing Defendant, and to conduct an independent *de novo* review and, if it deems necessary, convene a hearing before the District Court, to review and ultimately revoke the decision to release Defendant, and to order instead that he be detained pending trial.

Respectfully submitted,

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:    *s/Kimberly C. Bunjer*
KIMBERLY C. BUNJER #20962
Assistant United States Attorney
United States Attorney's Office
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
(402) 661-3700
kim.bunjer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record.

s/Kimberly C. Bunjer
KIMBERLY C. BUNJER
Assistant United States Attorney